Johnson, C. J.
The only question we shall consider is whether the probate court, or the court of common pleas, on appeal, had the power to make the order asked for at the instance of one interested in the estate against the administrator of the estate.
Sections 6053 to 6059 inclusive are the revision of the act of February 26, 1843 (S. & C. 618),» which was supplementary to the general administration statutes.
Section 6053 provides, that upon complaint made by the executor, administrator, creditor, devisee, legatee, heir, or other person interested in the estate, against any person or persons, suspected of having concealed, embezzled, or conveyed away any of the moneys, goods, chattels, things in action, or effects of such deceased, the probate court shall cite the person or persons suspected to appear and be examined on oath touching the matters of the complaint.
By section 6054 if a person so cited shall refuse or neglect to appear and submit to such an examination or refuse to answer lawful interrogatories, said court shall commit him to the jail of the county, there to remain in close custody until he or she submit to the order and of the court in that behalf.
By section 6056 the court is authorized to examine other witnesses, at the request of either party, whose examination shall be reduced to writing and filed the same as that of the accused.
By section 6057, if it shall appear on such examination that the persons charged are guilty, the court shall forthwith render a judgment in favor of the executor or administrator of the estate, or, if there be no executor or administrator in this state, in favor of the state, against the person or persons so *328 found guilty, for the amount of the moneys, or the value of the goods, chattels, things in action, or effects so concealed, embezzled or conveyed away.
By section 6058, the executor or administrator in favor of whom such judgment shall have been rendered, may deliver to the clerk of the court of common pleas, a transcript on which said clerk shall issue an execution, and thenceforth proceedings shall be in all respects the same as if said judgment was rendered in the court of common pleas.
These provisions are supplementary to the general statutes and fhe law governing the settlement of estates. 1 S. & C. 618. Without them, there was ample provision for compelling an executor or administrator to faithfully perform the duties of his trust. They were intended to furnish a speedy and summary remedy in favor of the executor or administrator, against any person or persons charged with having concealed, embezzled or conveyed away, any of the assets of the estate.
, The com]5laint may be made by the executor or administrator, or by any person interested in the estate, but the judgment must in all cases, be in favor of the executor or-administrator, if there is one in this state. If not, then in favor of the state of Ohio, for the use of the estate. If there be one within the state he alone is authorized to proceed to enforce the judgment, but if thei’e is none then the prosecuting attorney of the cpunty shall proceed to collect the same and pay the same into the county treasury, less his compensation for the use of the estate. R. S. 6059.
A statute so summary in its nature providing for a judgment without pleadings, or due process of law, or the right of trial by jury, ought not, by construction, to be extended beyond it, plain and obvious terms.
The judgment of the court of common pleas in this case did nothing more than the probate court had power to do independently of these provisions, in the settlement of the accounts of the administrator. We hold, therefore, that the issuing of the citation against the administrator under these provisions of the statute was without authority of law, and *329 therefore any judgment rendered by the probate court, or by the court of common pleas on appeal, was a nullity.
The right of appeal given by section 6407 in such cases relates to judgments where the probate court had jurisdiction to'hear and determine such a complaint. The judgments of the district court and of the court of common pleas are reversed and this cause is remanded to the common pleas with orders to dismiss said appeal.